# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GENESIS MARINE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 19-308** |
| **NOIL PETROLEUM CORPORATION** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Genesis Marine, LLC's ("Genesis") motion[1] for a default judgment against defendant Noil Petroleum ("Noil"). Genesis requests that the Court enter a judgment in its favor and against Noil in the amount of $55,423.94. Genesis also requests post-judgment interest at the statutory rate until the judgment is paid in full.[2] For the following reasons, the motion is granted.

## I.

Genesis alleges that on August 30, 2016, it entered into a business relationship with Noil whereby Genesis would provide vessel transportation services to Noil, at an agreed upon price, pursuant to the parties' Marine Transportation Services Agreement ("MTSA").[3] According to the MTSA, Noil agreed to pay Genesis for its hire of the M/V RED RIVER EXPRESS and Barges GM 1004 and GM 1007, and other related services.[4]

Genesis alleges that it issued Noil the following invoices: Invoice No. 36924, dated September 21, 2016, in the amount of $41,118.00 for hire of the M/V RED

---

[1] R. Doc. No. 11.
[2] Genesis has not requested pre-judgment interest.
[3] R. Doc. No. 1, at 2; *see* R. Doc. No. 11-1 (MTSA).
[4] R. Doc. No. 1, at 2.

RIVER EXPRESS and Barges GM 1004 and GM 1007; Invoice No. 36925, dated September 21, 2016, in the amount of $9,410.96 for fuel expenses; and Invoice No. 37141, dated October 10, 2016, in the amount of $4,894.98 for tankerman and fleeting expenses.[5] Genesis alleges that, according to the MTSA, Noil was obligated to remit payment to Genesis within ten (10) days of Noil's receipt of the invoices and that it has yet to be paid by Noil.[6] According to Genesis, Noil's failure to pay Genesis within ten days of receipt of the invoices constitutes a breach of contract.[7]

## II.

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process.

First, the plaintiff must petition the clerk for an entry of default, which is simply "the placement of a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket

---

[5] *Id.*; *see also* R. Doc. No. 11-1, at 9–11.
[6] R. Doc. No. 1, at 2; *see* R. Doc. No. 11-1, at 6 ("Owner shall invoice Customer twice weekly for services, fees, and ancillary charges pursuant to this Agreement. Payment is due within 10 days of receipt of invoice.").
[7] R. Doc. No. 1, at 3.

entry"). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of a judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

The Court is entitled to consider several factors when determining whether to enter a default judgment, including, "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are

clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### III.

Noil was served with a summons and the complaint on April 10, 2019, and its responsive pleadings were due May 1, 2019.[8] As of this date, Noil has yet to file responsive pleadings or appear in this case. On June 6, 2019, the Clerk of Court issued an entry of default against Noil for failure to plead or otherwise defend itself.[9] On June 21, 2019, Genesis moved for a default judgment;[10] to date Noil has not filed a response. The Court must therefore determine whether, accepting the well-pleaded factual allegations in the complaint as true, Genesis is entitled to a judgment against Noil for $55,423.94, in addition to an award of post-judgment interest at the statutory rate until the judgment is paid in full.[11]

Although there is a basis in the pleadings for Genesis's breach of contract claim, Genesis did not brief the legal specifics of its claim in the motion for default judgment. The Court ordered Genesis to file a brief addressing what law should apply to its claims and explaining how the complaint's factual allegations satisfy the essential elements of its claims for relief.[12] Genesis filed a supplemental brief,

---

[8] *See* R. Doc. No. 5.
[9] R. Doc. No. 9.
[10] R. Doc. No. 11.
[11] *Id.* at 3.
[12] *See generally* R. Doc. No. 12.

wherein counsel for Genesis asserted that Louisiana contract law should apply.[13]

However, upon review of the complaint, the motion, and the brief, and noting that this Court has subject matter jurisdiction strictly pursuant to 28 U.S.C. § 1333, the Court held a telephone conference with counsel for Genesis and asked why federal maritime law should not apply. Upon review of the caselaw and after confirming such with counsel for Genesis, the Court is satisfied that federal maritime law applies to Genesis's claim for breach of a maritime contract.[14]

---

[13] R. Doc. No. 13.

[14] Genesis alleges that this matter involves the breach of a vessel charter agreement to pay charter hire. R. Doc. No. 1, at 2. "Charter parties and other arrangements for the hire of a vessel clearly come within admiralty jurisdiction . . . ." *CGL Underwriters v. Edison Chouest Offshore, Inc.*, 8 F.3d 21, 1993 WL 455600, at *3 (5th Cir. 1993) (unpublished).

"The Fifth Circuit has looked to 'general rules of contract law' in interpreting charter agreements such as the one in this case." *Lytal Enters., Inc. v. Newfield Expl. Co.*, No. 06-33, 2006 WL 2990124, at *3 (E.D. La. Oct. 18, 2006) (Vance, J.) (quoting *Marine Overseas Servs., Inc. v. Crossocean Shipping Co., Inc.*, 791 F.2d 1227, 1234 (5th Cir. 1986) ("[C]harter party agreements are essentially contracts and they are subject to the general rules of contract law.")). The Fifth Circuit in *Marine Overseas* and Judge Vance in *Lytal* looked to the Restatement (Second) of Contracts to determine if a contract had been breached and, if so, whether to award damages.

"When performance is due, . . . anything short of full performance is a breach, even if the party who does not fully perform was not at fault and even if the defect in his performance was not substantial. . . . Non-performance of a duty when performance is due is a breach . . . . Non-performance includes defective performance as well as an absence of performance." Restatement (Second) of Contracts § 235(b) (1981). "Every breach gives rise to a claim for damages . . . ." *Id.* § 236(a).

"Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed." *Id.* § 347(a). In order to fix a sum, the court should first look to the loss in value. *See id.* § 347(b). "If no performance is rendered,

5

"After granting default judgment, it is the Court's duty 'to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly.'" *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on such a motion [for a default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, No. 98-10151, 1998 WL 723820, at *1 (5th Cir. 1998).

In support of its motion, Genesis submitted three invoices that establish the demanded amount and a declaration attesting that the invoices are true and correct copies of the invoices submitted to the Court and issued to Noil.[15] The Court

---

the loss in value caused by the breach is equal to the value that the performance would have had to the injured party." *Id.*

The Court also notes that during a telephone conference with counsel for Genesis, counsel confirmed that the parties were not pursuing a claim under Louisiana law, as originally briefed, and that counsel were specifically not seeking attorney's fees. *See Jambon & Assocs., L.L.C. v. Seamar Divers, Inc.*, 09-2670, 2009 WL 2175980, at *8–9 (E.D. La. July 20, 2009) ("[I]t is undisputed that the general rule in maritime contract claims precludes recovery of attorney's fees unless there is a controlling statute or contractual provision that allows for such recovery. . . . [A]llowing [the plaintiff's] claims to proceed under the Open Account Statute would threaten the uniformity of the maritime law.").

[15] *See* R. Doc. No. 11-1, at 1–3 & 9–11.

concludes that the amount demanded is a sum certain and that the evidence submitted by Genesis reflects the balance owed by Noil in connection with its breach of the MTSA. *See Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note"). Genesis has provided sufficient evidence to support its claim for $55,423.94 without the need for an evidentiary hearing.

Genesis also requests post-judgment interest. "Federal law governs post-judgment interest." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). Genesis may recover post-judgment interest pursuant to 28 U.S.C. § 1961, which provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." § 1961(a).

## IV.

After considering Genesis's motion and accompanying exhibits, as well as the applicable law, the Court finds that there are no factors that weigh against entering a default judgment against Noil. Accordingly,

**IT IS ORDERED** that the motion for a default judgment is **GRANTED** and that judgment shall be entered in favor of Genesis Marine, LLC and against Noil

Petroleum Corporation in the principal amount of $55,423.94 (the "principal amount").

**IT IS FURTHER ORDERED** that Genesis Marine, LLC shall be awarded post-judgment interest, at the federal statutory rate pursuant to 28 U.S.C. § 1961, on the principal amount from the date of entry of this judgment until paid.

New Orleans, Louisiana, June 28, 2019.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**